IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTY WAGNER, ) <br> ) <br> PLAINTIFF, ) <br> v. ) <br> ) <br> AKIN GUMP STRAUSS HAUER & FELD LLP, ) <br> ) <br> DEFENDANT. ) | **16 CV 3532** <br> Case No.: <br> Demand for Jury Trial |

**COMPLAINT**

1. Plaintiff, KRISTY WAGNER (hereinafter, "PLAINTIFF"), is a citizen of the United States, with an address of 7 Richard Lane, Huntington, NY 11743.
2. Defendant, AKIN GUMP STRAUSS HAUER & FELD LLP (hereinafter, together with all predecessor and successor entities and including agents, attorneys, consultants, partners, affiliates and personnel thereof, "AG" or "DEFENDANT") is or was a law firm with one or more physical office locations at One Bryant Park, New York, New York 10036.
3. On June 27, 2011 (the "Inception Date"), AG transmitted via electronic mail to PLAINTIFF an offer letter (the period from the Inception Date to the date hereof, the "Relevant Period").
4. After the Inception Date, PLAINTIFF commenced the practice of law on behalf of AG from one or more offices of DEFENDANT, including the office located at One Bryant Park, New York, New York 10036.
5. During the Relevant Period, PLAINTIFF notified DEFENDANT (verbally and in writing) that she required accommodation as a result of one or more disabilities, including as a result of sustaining a life-altering injury to her leg, foot and ankle (the "Injury").
6. After the date of the Injury, PLAINTIFF notified Kim Koopersmith, Kerry Berchem, Rick Burdick, Bob Lian, Frank Reddick, Marissa Roman Griffith, John Burke, John Karyznski, Natasha Kohne, Scott Heimberg, Tom Trimble, Susan Lent, Adam Umanoff, Dan Sinaiko, Tom Dupuis, Jay Worenklein, Ed Zaelke, Lloyd MacNeil, and AG's general counsel Barry Chasnoff that the Injury would require accommodation as it had resulted in one or more permanent disabilities.
7. On one or more occasions since the Inception Date, PLAINTIFF notified DEFENDANT that the hiring of one or more attorneys by DEFENDANT (including Adam Umanoff, Ed Zaelke and one or more additional attorneys whose hiring was recommended by one or both) did or would constitute negligent hiring and would result in a violation of one or more rights granted and protected under the following (in each case, as such law or regulation has been amended; collectively, the "Relevant Laws"): the Constitution of the United States; the District of Columbia Human Rights Act, as codified D.C. Code § 2-1402 ("DCHRA"); Americans with Disabilities Act of 1990, as codified 42 U.S.C.A. § 12112 *et seq.* (the "ADA"); Title VII of the Civil Rights Act of 1964,

as codified 42 U.S.C.[A.] § 2000e *et seq.* (1988) (the "Civil Rights Act"); and the Equal Pay Act, as codified 29 U.S.C.[A.] § 206(d) (the "Equal Pay Act").

8. Since the Inception Date, DEFENDANT has violated the Relevant Laws by: interfering with PLAINTIFF'S goodwill and reputation; denying PLAINTIFF'S multiple requests for the provision of accommodation as a result of the Injury and one or more additional disabilities; portraying PLAINTIFF in a false light including by making one or more false statements regarding PLAINTIFF in writing and transmitting same to one or more clients and law firms which PLAINTIFF serviced or was associated with; making fraudulent statements and requests in documentation submitted to courts in Los Angeles and Washington DC; making one or more harassing statements (including by phone call to PLAINTIFF'S parents) to or about PLAINTIFF (including statements relating to religious or other beliefs and alleged mental state of PLAINTIFF); removing PLAINTIFF'S name as author of one or more articles co-authored by PLAINTIFF and posted on DEFENDANT'S website; failing to make available one or more client files after PLAINTIFF obtained consent to obtain same; threatening to have PLAINTIFF disbarred; tortuously interfering with PLAINTIFF'S livelihood, quiet enjoyment and economic prospects including by interfering with partnership or other law firm offers made by at least ten (10) of the nation's most prominent law firms; failing to represent PLAINTIFF in connection with one or more disputes or legal matters (including those relating to one or more disabilities); knowingly allowing to persist during the entirety of the Relevant Period a hostile environment; failing to investigate or otherwise address under DEFENDANT's policy (or otherwise) harassment, accounting and billing concerns reported by PLAINTIFF; opposing one or more practices made unlawful by the Equal Pay Act and the Relevant Laws; and utilizing United States mail, electronic mail, monitoring devices and/or wire transfers to conduct fraudulent acts, as described above (collectively, the "Unlawful Conduct").
9. On or before October 28, 2014, PLAINTIFF's access to AG's network, as well as phone and blackberry access, were disconnected by AG and were not restored after subsequent requests by PLAINTIFF.
10. Since the Inception Date, DEFENDANT has failed to compensate PLAINTIFF as required by the Relevant Laws.
11. PLAINTIFF hereby requests immediate injunctive relief and that the court permanently restrain and enjoin DEFENDANT from (directly or indirectly): (i) tortuously interfering (and threatening to interfere with) PLAINTIFF's livelihood and legal career; (ii) threatening the goodwill and reputation of PLAINTIFF; (iii) otherwise breaching its contractual and state law obligations to PLAINTIFF; and (iv) violating the Relevant Laws or otherwise allowing one or more persons or third parties to infringe upon the exercise of rights by PLAINTIFF and those to whom she is related or otherwise associates with.
12. PLAINTIFF demands the payment of $17,333,959 in immediately available funds to the Nassau Educators Federal Credit Union bank account specified by PLAINTIFF to DEFENDANT prior to the date hereof.

Date of signing: May 11, 2016

Signature of Plaintiff: _____

Printed Name of Plaintiff: Kristy Wagner