```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - :
KRISTY WAGNER,                        :    16 Civ. 3532 (GBD) (JCF)
                                      :
                Plaintiff,            :        REPORT AND
                                      :      RECOMMENDATION
        - against -                   :
                                      :
AKIN GUMP STRAUSS HAUER & FELD LLP,   :
                                      :
                Defendant.            :
- - - - - - - - - - - - - - - - - - - :
TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/16

The plaintiff, Kristy Wagner, was employed as an attorney by the law firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") from July 2011 to October 2014. (Complaint, ¶¶ 2-4; Declaration of McLean Peña dated June 3, 2016 ("Peña Decl."), ¶ 3). According to Akin Gump, she resigned on October 28, 2014, to take a position at another firm. (Peña Decl., ¶ 3). Thereafter, she filed this action, alleging that the defendant violated her rights under the United States Constitution; the District of Columbia Human Rights Act, D.C. Code § 2-1402; the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; and the Equal Pay Act of 1963, 29 U.S.C. § 206(d). (Complaint, ¶ 7). Akin Gump has moved to dismiss the complaint on the ground that Ms. Wagner has a previously-filed case pending in the United States District Court for the District of Columbia. For the reasons that follow, I recommend that the motion be granted.

Background

As noted above, Ms. Wagner ceased working for Akin Gump in October 2014. On March 25, 2016, she filed an action against the firm in the United States District Court for the District of Columbia, alleging substantially the same claims she has raised in this action. (Complaint, ¶¶ 1, 6-7, Wagner v. Akin Gump Strauss Hauer & Feld LLP, No. 16-cv-568 (D.D.C. March 25, 2016) ("D.D.C. Complaint"), attached as Exh. A to Peña Decl.). Ms. Wagner commenced her case in this Court on May 11, 2016.

On June 3, 2016, the defendant filed the instant motion, seeking dismissal of this action on the basis of, among other things, the "first-filed" rule. (Memorandum of Law in Support of Defendant's Motion to Dismiss at 1). I established a briefing schedule, and, notwithstanding the fact that the plaintiff is an attorney, I provided her with a copy of the "Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings." She never responded to the motion to dismiss. Instead, she filed a largely incoherent document entitled "Second Motion for Immediate Injunctive Relief."

Discussion

    A. The First-Filed Rule

"[W]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." AEP

2

Energy Services Gas Holding Co. v. Bank of America, N.A., 626 F.3d 699, 722 (2d Cir. 2010) (quoting First City National Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989)).  Pursuant to the first-filed rule, "a district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action."  Thomas v. Apple-Metro, Inc., No 14 Civ. 4120, 2015 WL 505384, at *2 (S.D.N.Y. Feb. 5, 2015) (quoting Castillo v. Taco Bell of America, LLC, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013)).  Alternatively, the court may transfer or stay the second case.  Id.

In order for the first-filed rule to apply, two cases need not be identical, but only substantially similar.  See id. at *3 ("[C]ourts in this Circuit frequently apply the first-filed rule to cases that are similar, but not identical."); Castillo, 960 F. Supp. 2d at 404 ("The lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially."); Oleg Cassini, Inc. v. Serta, Inc., No. 11 Civ. 8751, 2012 WL 844284, at *3 (S.D.N.Y. March 13, 2012) (holding that for first-filed doctrine to apply, "issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests").  Here, the substantial similarity test is easily met.  The parties are identical.  Ms. Wagner has asserted claims under the same statutes in both cases.  (Compare Complaint, ¶ 7, with D.D.C. Complaint, ¶ 1).  And she has sought nearly the same monetary relief in both

3

cases.  (Compare Complaint, ¶ 12 ($17,333,959), with Declaration of Kristy Wagner, No. 16-cv-568 (D.D.C. April 18, 2016), attached as part of Exh. B to Peña Decl. ($17,633,959)).

The first-filed doctrine is a presumption rather than a rigid rule.  Thomas, 2015 WL 505384, at *3.  Accordingly, the presumption may be overridden by two exceptions: "(1) where the 'balance of convenience' favors the second-filed action, and (2) where 'special circumstances' warrant giving priority to the second suit."  Employers Insurance of Wausau v. Fox Entertainment Group, Inc., 522 F.3d 271, 275 (2d Cir. 2008) (citations omitted).  Neither exception applies in this case.

B. Special Circumstances

The Second Circuit has observed that "special circumstances" justifying deviation from the first-filed rule are "quite rare."  Id.  They may be found where the first-filing plaintiff manipulates the system, as by filing a declaratory judgment action in anticipation of the adversary filing a case against the plaintiff.  Id. at 275-76.  But where, as here, the first and second lawsuits are filed by the same plaintiff, the situation "does not implicate the usual concerns underlying a 'race to the courthouse' case, and instead, appears to require a straightforward application of the first-filed rule."  Cole v. Edwards, No. 03 Civ. 5214, 2004 WL 1874970, at *3 (S.D.N.Y. Aug. 13, 2004).

Special circumstances may also be found where the first-

4

filing plaintiff engaged in forum-shopping. Employers Insurance of Wausau, 522 F.3d at 276; Thomas, 2015 WL 505384, at *3. Again, this consideration is inapposite where the plaintiff herself chose the forum in both cases.

    C. Convenience of the Parties

The exception for convenience of the parties is likewise inapplicable here. The factors analyzed in balancing convenience are essentially the same as those considered in connection with a motion to transfer venue under 28 U.S.C. § 1404(a), Liberty Mutual Insurance Co. v. Fairbanks Co., 17 F. Supp. 3d 385, 395 (S.D.N.Y. 2014), and consist of:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

Employers Insurance of Wausau, 522 F.3d at 275 (alteration in original). These factors favor adhering to the first-filed presumption.

First, it was Ms. Wagner's choice to file the initial action in the District of Columbia, and her claims have a substantial nexus with that district, as she worked in Akin Gump's Washington, D.C. and New York offices. (Peña Decl., ¶ 3). Indeed, in both of her complaints, she asserted claims under the District of Columbia Human Rights Act. (Complaint, ¶ 7; D.D.C. Complaint, ¶ 1). The

5

convenience of witnesses, the location of relevant evidence, and the "locus of operative facts" likewise favor proceeding in the District of Columbia.  Because the discrimination alleged by Ms. Wagner appears to have occurred at least in part in connection with her employment in Akin Gump's Washington office, witnesses and records would likely be found there.  Furthermore, Ms. Wagner resided in Washington at least at the time she filed the first complaint.  (D.D.C. Complaint, ¶ 2).  The convenience of the parties appears to be evenly balanced, as at least some of Akin Gump's witnesses reside in Washington, while Ms. Wagner now apparently resides in New York.  Process is available in Washington to compel any unwilling witness to testify, so this consideration favors allowing the case to proceed there.  The final factor -- the relative means of the parties -- is the only one that favors this district.  Ms. Wagner has fewer resources than Akin Gump to devote to the lawsuit, and litigating in Washington will not be costless for her.  However, most discovery and communications can be conducted by electronic means, so the cost difference of litigating in one forum or the other is not likely to be substantial.  Certainly, this factor is outweighed by all of the others that favor proceeding where the case was first filed.  See Fandino v. Amalgam Entertainment, LLC, No. 09 Civ. 8325, 2010 WL 607819, at *4 (S.D.N.Y. Feb. 19, 2010) ("While there is a disparity in the relative means of the parties, this does not overcome the

6

weight accorded to plaintiff's choice of forum and the locus of operative facts which both favor the first-filed action.").

    D. Relief

To effectuate the presumption in favor of the first-filed case, a court may stay the second action, dismiss it, or transfer it to the forum where the first action is pending. See Thomas, 2015 WL 505384, at *2; Silver Line Building Products, LLC v. J-Channel Industries Corp., 12 F. Supp. 3d 320, 324 (E.D.N.Y. 2014). Here, dismissal is most consistent with judicial efficiency. Because Ms. Wagner's actions are substantially identical, a stay of the second action would simply necessitate conforming any ultimate determination to a judgment entered in the first case. Similarly, a transfer would require the court where the first-filed action is pending to consolidate essentially identical cases. The appropriate course, then, is to dismiss the instant action without prejudice to Ms. Wagner's proceeding with her action in the District of Columbia.

Conclusion

For the reasons discussed above, the defendant's motion (Docket no. 8) should be granted and the complaint dismissed without prejudice.[1]  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the

---

[1] In addition, the plaintiff's motion for injunctive relief (Docket no. 20) should be denied.

7

parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objection shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable George B. Daniels, Room 1310, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

                                            Respectfully submitted,

                                            JAMES C. FRANCIS IV
                                            UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       November 28, 2016

Copies mailed this date:

Kristy Wagner
7 Richard Lane
Huntington, NY 11743

Douglass B. Maynard, Esq.
Jessica O. Daly, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036