UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

KRISTY WAGNER,

                    Plaintiff,

        -against-

AKIN GUMP STRAUSS HAUER & FELD LLP,

                 Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Civ. 3532 (GBD) (JCF)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Kristy Wagner, an attorney, brought this action against her former employer, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), claiming that Akin Gump violated her rights under the U.S. Constitution; the District of Columbia Human Rights Act, D.C. Code § 2-1401 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and the Equal Pay Act of 1963, 29 U.S.C. § 206(d). (Compl., ECF No. 1.) The Defendant moved to dismiss the Complaint in light of Plaintiff's previously-filed case currently pending in the United States District Court for the District of Columbia. (Def.'s Mot. to Dismiss, ECF No. 8.)

Before this Court is Magistrate Judge James C. Francis's November 28, 2016 Report and Recommendation ("Report," (ECF No. 24)), recommending that Defendant's motion to dismiss be granted, and that Plaintiff's motion for injunctive relief be denied.[1] (Report, at 7.) This Court adopts those recommendations.

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

## I.  LEGAL STANDARDS

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515, 2015 WL 3536615, at \*4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

Magistrate Judge Francis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report, at 7-8.) No objection to the Report has been filed.

"The first-filed rule is a well-established Second Circuit doctrine, based on the principle that 'where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.'" *Thomas v. Apple-Metro, Inc.*, No. 14-CV-4120, 2015 WL 505384, at \*2 (S.D.N.Y. Feb. 5, 2015) (quoting *First City Nat'l Bank & Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir. 1989) (alterations, citations, and internal quotation marks omitted)). This presumption of "[d]eference to the first filing embodies considerations of judicial administration and conservation of resources and recognizes that a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722 (2d Cir. 2010) (citations and internal quotation marks omitted). For the presumption to apply, "[t]he lawsuits need not be identical, but the claims and

rights raised in the two actions must not differ substantially." *Castillo v. Taco Bell of Am., LLC,* 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013); *see also Oleg Cassini, Inc. v. Serta, Inc.,* No. 11-CV-8751, 2012 WL 844284, at \*3 (S.D.N.Y. Mar. 13, 2012). In these circumstances, a district court may "dismiss a lawsuit that is duplicative of a prior action," *Castillo,* 960 F. Supp. 2d at 404, or instead choose to transfer or stay the second-filed action. *See Wyler-Wittenberg v. MetLife Home Loans, Inc.,* 899 F. Supp. 2d 235, 247-50 (E.D.N.Y. 2012).

## II.    THE S.D.N.Y. ACTION IS DISMISSED

According to the Defendant, Plaintiff resigned from Akin Gump in October 2014 to take a position with another firm. (Report, at 1.) On March 25, 2016, she filed an action against the Defendant in the United States District Court for the District of Columbia (the "D.D.C. Action."). (*Id.* at 2.) Less than two months later, on May 11, 2016, she filed the instant action before this Court, making substantially the same claims as she did in the D.D.C. Action.[2] (*Id.*)

The Report correctly determined that Plaintiff's New York action should be dismissed under the first-filed rule. As the Report found, the substantial similarity test is "easily met" here because the parties are identical, Plaintiff has asserted claims under the same statutes in both cases, and she has sought essentially the same monetary relief in both cases. (*Id.* at 3-4.)

Although the first-filed rule is a presumption that may be overridden where the "balance of convenience" favors the second-filed action or where "special circumstances" warrant giving priority to the second suit, neither exception applies here. The Report properly determined that the "balance of convenience" factors support the first-filed presumption. (*Id.* at 5-6.) As described in the Report, Plaintiff chose the District Court for the District of Columbia as the forum for her

---

[2] Although Plaintiff never responded to Defendant's June 3, 2016 Motion to Dismiss, Plaintiff filed a "Second Motion for Immediate Injunctive Relief" on September 19, 2016 (ECF No. 20.), which the Report described as "largely incoherent." (Report, at 2.)

initial action, and her claims have a substantial nexus with that district given that she worked for a time in the Defendant's D.C. office. (*Id.* at 5.) She also asserted claims under the District of Columbia Human Rights Act in both actions. (*Id.*) The convenience of witnesses, location of relevant evidence, and locus of operative facts favor the D.D.C. Action because the alleged discrimination occurred at least in part during Plaintiff's employment in the D.C. office, and she resided in D.C. when she filed the first complaint. (*Id.* at 6.) The Report also properly concluded that while the "convenience of the parties" is evenly balanced between New York and D.C., process is available to compel witnesses to testify in the D.D.C. Action. (*Id.*) Finally, while the relative means of the parties favors this district because Plaintiff now resides here and has fewer means than Akin Gump, the Report properly determined that this factor is outweighed by all others favoring the D.D.C. Action. (*Id.*)

Finally, the Report properly concluded that neither a stay nor a transfer is appropriate here given that the two actions are substantially identical. Thus, the proper relief is to dismiss this action without prejudice to Plaintiff's proceeding with the D.D.C. Action. (*Id.* at 7.)

### III.    CONCLUSION

Magistrate Judge Francis's Report and Recommendation is adopted. The Complaint is DISMISSED without prejudice. Plaintiff's motion for injunctive relief is DENIED.

The Clerk of Court is directed to close the motions at ECF Nos. 8 and 20 and this case.

Dated: New York, New York
        January 17, 2017

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

- 4 -